THE STATE, EX REL. ALCORN, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

(No. 69-73—Decided May 28, 1969.)

*Mr. Philip R. Finkelmeier*, for appellee.

*Mr. Paul W. Brown*, attorney general, *Mr. Walter J. Howdyshell* and *Mr. J. William Petro*, for appellant.

*Per Curiam.* Section 700.1a, at page 40 of Bulletin No. 203, entitled "Guarding," promulgated by the Industrial Commission, provides:

"Every power press in use shall be constructed, or shall be guarded to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle."

Section 700.2a, at page 41 of Bulletin No. 203, entitled "Acceptable Methods of Guarding Manual Feed Presses, by:" provides:

"* * *

"(5) Two-Hand Tripping Device."

A two-hand tripping device is defined in Section 700.2a as follows:

"A two-hand tripping device means a device designed and constructed to require the simultaneous use of both hands of the operator to trip the press."

This machine clearly falls within the provisions of Section 700.1a. It is a hydraulic press designed and constructed to be operated with a two-hand tripping device, which is one of the acceptable guarding methods referred to in Section 700.2a. This device would prevent any finger of either hand of the operator from entering the danger zone during the operating cycle. The control button on the left side of the press had been disconnected and it was not working at the time of the injury. This was a violation of Sections 700.1a and 700.2a of the specific safety requirements promulgated by the Industrial Commission. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., CORRIGAN, MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.

CORRIGAN, J., of the Eighth Appellate District, sitting for ZIMMERMAN, J.